UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| AARON REGANS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) No. 1:14CV20 SNLJ |
| | ) |
| IAN WALLACE, et al., | ) |
| | ) |
| Defendants, | ) |

### MEMORANDUM AND ORDER

Before the Court is plaintiff's motion to reopen this matter. After review of the record, the Court will deny the motion.

Plaintiff, an inmate at the Eastern, Reception, Diagnostic and Correctional Center ("ERDCC"), filed the instant action on February 21, 2014, pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights. Although plaintiff's complaint is far from clear, the attachments to his complaint show that plaintiff is attempting to make some sort of claim for pain and suffering for an accidental burn he suffered on his face and hands that occurred when he was working in the kitchen at ERDCC.[1] Plaintiff names seven persons as defendants in this action, but his actual complaint (rather than just the attachments to the complaint) does not appear to match any alleged bad acts with persons named as the defendants in the caption of his complaint.[2]

---

[1] "The Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property." Daniels v. Williams, 474 U.S. 327, 328 (1986). Similarly, a "slip and fall," without more, does not amount to cruel and unusual punishment. The remedy for this type of injury, if any, must be sought in state court under traditional tort law principles. See, e.g., Reynolds v. Powell, 370 F.3d 1028, 1031 (10th Cir. 2004) (collecting cases).

[2] "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits); Keeper v. King, 130 F.3d 1309, 1314 (8th Cir. 1997) (noting that

Because plaintiff failed to provide a certified copy of his account statement with his motion to proceed in forma pauperis, the Court, on March 4, 2014, ordered plaintiff to provide one, within thirty (30) days of the date of the Order.

Plaintiff voluntarily dismissed this case on March 13, 2014, stating that he didn't feel he had enough evidence to support his claim at this time. Plaintiff further stated that he did not have enough funds to pay an initial partial filing fee in this matter. Four days later, on March 17, 2014, plaintiff sought leave of Court to reopen the instant case. In his motion to reopen plaintiff failed to address his earlier concerns about pursuing his case. However, plaintiff noted that he had sought an account statement from the business office at ERDCC. On March 20, 2014, plaintiff sent a letter to this Court indicating that he had again requested a copy of his account statement from the prison business office.

It is apparent that there are deficiencies in plaintiff's original complaint filed in this action which would make it futile, at this point, to allow plaintiff to reopen his complaint and pursue the action, as is. Furthermore, plaintiff has not provided a reasonable explanation to this Court as to why he moved to voluntarily dismiss this action and then only four days later moved to reopen it without remedying the underlying reasons for his voluntary dismissal. As such, the Court will deny plaintiff's motion to reopen this action. However, as the dismissal was without prejudice, plaintiff may move to refile his action in this Court after such time as he has remedied the deficiencies in his original complaint.

Accordingly,

---

general responsibility for supervising operations of prison is insufficient to establish personal involvement required to support liability under § 1983); Woods v. Goord, 1998 WL 740782, at *6 (S.D.N.Y. October 23, 1998) (receiving letters or complaints does not render prison officials personally liable under § 1983).

**IT IS HEREBY ORDERED** that plaintiff's motion to reopen [Doc. #8] is **DENIED**.

Dated this 24<u>th</u> day of March, 2014.

                                            */s/ Stephen N. Limbaugh, Jr.*
                                            STEPHEN N. LIMBAUGH, JR.
                                            UNITED STATES DISTRICT JUDGE